20832.   FRIEDMAN, Executor *v.* COHEN.

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960.

*Norman H. Fudge, Samuel L. Eplan,* for plaintiff in error.
*Joe W. Gerstein, Edward E. Carter,* contra.

QUILLIAN, Justice.  The sole question for decision in this case is whether the provision added to Code § 113-408 by the act of 1952 (Ga. L. 1952, pp. 196, 197), that a total divorce of the testator when no provision of the will is made in contemplation of such event shall be a revocation of the will, is applicable in a case when both the execution of the will and the subsequent divorce occurred prior to the passage of the amendatory act.  The text of 57 Am. Jur. 370, § 535, states: "A statute providing that the divorce of the testator subsequent to the execution of the will revokes the will as to the divorced spouse controls a will of a testator who

died after its effective date, although the execution of the will and the subsequent divorce both occurred before the effective date." The rule stated there is accepted in most jurisdictions of this country. Dwight v. Dwight, 129 A. L. R. 855, and annotations at p. 873.

Code § 113-401 reads: "A will, having no effect until the death of the testator, is necessarily revocable by him at any time before his death; and even in case of mutual wills with a covenant against revocation, the power of revocation remains."

The language of Code (Ann.) § 113-408 is: "In all cases, the marriage of the testator, total divorce or the birth of a child to him, subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will."

The latter Code section makes it clear that an act of the testator that revokes his will is "obtaining a total divorce when the will contains no provision in contemplation of such event," and explicitly provides that the Code section, including the quoted clause, applies "to all wills." The words of the statute, "all cases," can be given no other interpretation than that they make the provisions of the Code section added to the same by the act of 1952 applicable to wills executed prior to as well as since the passage of the act. In this connection see construction of the term "all," appearing in 3 Words & Phrases 222.

*Judgment affirmed. All the Justices concur.*